1    HONORABLE RONALD B. LEIGHTON

2

3

4

5

6
UNITED STATES DISTRICT COURT
7    WESTERN DISTRICT OF WASHINGTON
AT TACOMA
8

9    NICKOLAS WILSON,                        CASE NO. 14-5127 RBL

10                        Plaintiff,          ORDER GRANTING
                                             DEFENDANT'S MOTION FOR
11          v.                                PARTIAL SUMMARY JUDGMENT

12   AUSTIN MUTUAL INSURANCE
     COMPANY,
13
                          Defendant.
14

15          THIS MATTER is before the Court on Defendant Austin Mutual Insurance Company's

16   Motion for Partial Summary Judgment, seeking dismissal of Plaintiff Nickolas Wilson's extra-

17   contractual claims. [Dkt. #10]  Wilson is insured under an automobile insurance policy issued by

18   AMI.  The policy includes personal injury protection (PIP) and underinsured motorist (UIM)

     coverage.
19

20          Wilson was injured in a car accident and settled with the at-fault driver for the $100,000

21   limit on her policy. He then tried to recover the limits of his PIP and UIM coverages of his AMI

22   policy, which AMI denied. Wilson sued AMI for breach of contract and extracontractual claims

23   for common law bad faith and violations of the Insurance Unfair Conduct Act (IFCA) and the

24   Consumer Protection Act (CPA). He argues that AMI acted in bad faith in denying him the full

1  extent of his PIP benefits and only offering $15,000 in UIM benefits.  AMI now moves for

2  summary judgment on the extra-contractual claims, arguing that it acted reasonably in denying

3  his claim after determining that the $145,000 that Wilson was offered was full and fair

4  compensation for his injuries.

5                                   **I.       Background**

6           In April 2011, Wilson was in a serious head-on automobile collision caused by the

7  negligence of a third party. He sustained a broken nose and soft tissue injuries to his neck and

8  back. Wilson settled with the at-fault driver for the $100,000 limits of her liability policy.

9           Wilson's AMI policy provides $35,000 in PIP benefits and $100,000 in UIM coverage.

10  On top of the $100,000 Wilson received from the at-fault driver, AMI paid approximately

11  $30,000 in PIP benefits to cover Wilson's physical therapy sessions following the accident.

12  Relying on an independent medical review of Wilson's condition, AMI denied his additional

13  claim for $3,075 in expenses.

14          Wilson also sought the full extent of his UIM coverage under his policy. He claimed that

15  his back pain required continuing attention and that he needed corrective surgery for persistent

16  nasal problems. AMI evaluated the reports of its reviewing medical professionals, and

17  determined that the $130,000 Wilson had already received was full and fair compensation for his

18  injuries. Wilson filed a claim with the Insurance Commissioner under the IFCA, which prompted

19  AMI to offer a $15,000 "new money" UIM settlement. Wilson declined, and requested

20  arbitration. AMI did not agree[1]  to arbitrate Wilson's UIM claim, and he sued AMI in Pierce

21  County Superior Court.

22

23  _____

24  [1] Under the terms of the policy, arbitration was only required when both parties agreed to it.

1    AMI removed the case to this Court. Wilson claims that AMI acted in bad faith and

2  violated the Insurance Fair Conduct Act, the Consumer Protection Act, and a Washington

3  insurance regulation  which forbids using a low-ball settlement offer to compel an insured to

4  initiate litigation to recover the full extent of his damages (WAC 284-30-330(7)). AMI concedes

5  that there may be a *bona fide* dispute as to the true value of Wilson's claim, and agrees that  this

6  determination will have to be made at trial.

7    But AMI argues that its evaluations of Wilson's claim have otherwise been reasonable,

8  and argues that his extra-contractual claims have no merit as a matter of law and should be

9  dismissed. Wilson claims that it was bad faith for AMI to decline to pay PIP benefits for all of

10 his submitted medical expenses and to only offer him a $15,000 new money UIM settlement

11 when his injuries warrant continuing medical attention.

12                          **II.      Discussion**

13 **A.    Summary Judgment Standard**

14    Summary judgment is appropriate when, viewing the facts in the light most favorable to

15 the nonmoving party, there is no genuine issue of material fact which would preclude summary

16 judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to

17 summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to

18 interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for

19 trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of

20 evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v.*

21 *Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not

22 affect the outcome of the suit are irrelevant to the consideration of a motion for summary

23 judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words,

24

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

1    "summary judgment should be granted where the nonmoving party fails to offer evidence from

2    which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at

3    1220.

4    **B.    Insurer's Duty of Good Faith**

5              An insurer has a duty of good faith to its policyholder and violation of that duty may give

6    rise to a tort action for bad faith. *Truck Ins. Exch. v. Vanport Homes, Inc.,* 147 Wash.2d 751,

7    765, 58 P.3d 276 (2002).  "Claims of insurer bad faith 'are analyzed applying the same principles

8    as any other tort: duty, breach of that duty, and damages proximately caused by any breach of

9    duty.' " *Mutual of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.,* 161 Wn.2d 903, 916, 169

10   P.3d 1 (quoting *Smith v. Safeco Ins. Co.,* 150 Wn.2d 478, 485, 78 P.3d 1274 (2003)). "In order to

11   establish bad faith, an insured is required to show the breach was unreasonable, frivolous, or

12   unfounded." *Id.* (quoting *Kirk v. Mt. Airy Ins. Co.,* 134 Wn.2d 558, 560, 951 P.2d 1124 (1998)).

13   It is a question of fact as to whether an insurer's actions constituted bad faith. *Smith,* 150 Wn.2d

14   at 484, 78 P.3d 1274. "The determinative question on a bad faith claim is reasonableness of the

15   insurer's actions in light of all the facts and circumstances of the case." *Anderson v. State Farm*

16   *Mut. Ins. Co.*, 101 Wash. App. 323, 330 (2000).

17

18             Wilson does not explicitly state that he is suing for bad faith, but his IFCA and CPA

19   claims are analogous to a bad faith claim.

20             **i.       Insurance Fair Conduct Act Violations**

21             An insurer violates the IFCA when it unreasonably denies a benefit to the insured. RCW

22   48.30.015(1). The IFCA incorporates various unfair claims settlement practices outlined in the

23   Washington Administrative Code. RCW 48.30.015(5). Wilson is suing under one such provision

24

1  that prohibits insurance companies from proposing only minimal settlement offers to compel the

2  insured to resort to other dispute resolution procedures:

3           The following are hereby defined as unfair methods of competition
            and unfair or deceptive acts of the insurer
4           …

5           (7) Compelling a first party claimant to initiate or submit to
6           litigation, arbitration, or appraisal to recover amounts due under an
            insurance policy by *offering substantially less than the amounts*
7           *ultimately recovered* in such actions or proceedings.

8  WAC 284-30-330(7) (emphasis added).

9           Under this provision, a difference between the amount offered and the amount ultimately

10 recovered does not, by itself, prove bad faith. *Anderson,* 101 Wash. App. at 335. Rather, "the

11 issue turns on whether the insurer had reasonable justification for its low settlement offer." *Id.*

12          Even if a violation of this provision is established, it does not also automatically

13 constitute an IFCP violation. *Seaway Properties LLC v. Fireman's Fund Ins. Co.*, ___F. Supp.

14 2d ___ (W.D. Wash. 2014). An insured's only claim under IFCP is for an "unreasonable denial

15 of a claim for coverage or payment of benefits." *Id.* The policyholder has the burden of showing

16 that the insurer acted unreasonably. *Smith*, 150 Wn.2d at 486. The insurer is acting reasonably as

17 a matter of law if rational minds could not differ that denial of benefits was based upon

18 reasonable grounds. *Id.* The insured can overcome summary judgment by presenting "evidence

19 that the insurer's alleged reasonable grounds was not the basis for its action" or that "other

20 factors outweighed the alleged reasonable basis." *Id.*

21          In sum, the overriding determination for liability under WAC 284-30-330(7) and the

22 IFCA is whether or not AMI's evaluation of Wilson's claim was reasonable. To avoid summary

23

24

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5

1 | judgment, Wilson must provide evidence showing that AMI acted unreasonably in assessing his

2 | claim. The evidence he has presented fails to do so.

3 | His nasal surgery will cost only about $10,000, and he references a possible need for

4 | spinal injections without discussion of the total quantity or expense of this treatment. AMI

5 | presented the reports of reviewing medical professionals to support its determination that

6 | continuing medical treatment was unnecessary and Wilson had been fully and fairly

7 | compensated. Wilson has not presented any evidence to show that this reasoning was not the

8 | basis for AMI's action, nor that other factors outweighed this evaluation when denying him

9 | additional benefits. Therefore, he has failed to present evidence to demonstrate that AMI acted

10 | unreasonably, and summary judgment is appropriate on his WAC 284-30-330(7) and IFCA

11 | claims.

12 | **ii.    Consumer Protection Act Violations**

13 | To successfully allege a CPA violation, an insured must show (1) an unfair or deceptive

14 | practice, (2) in trade or commerce, (3) impacting the public interest, (4) causing injury to the

15 | insured, and (5) which injury is causally linked to the unfair practice. *Industrial Indem. Co. of the*

16 | *Nw. v. Kallevig*, 114 Wn.2d  907, 920 (1990). A violation of WAC 284-30-330 insurance

17 | regulations suffices as a per se unfair trade practice under the first element of the CPA analysis.

18 | *Id.* at 921.

19 | Since Wilson has not presented enough evidence to support a WAC 284-30-330(7) claim,

20 | nor has he submitted evidence to show that AMI engaged in any other unfair or deceptive

21 | practice, he cannot satisfy the first requirement of a CPA violation. Therefore, summary

22 | judgment is appropriate on this claim as well.

23 |

24 |

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 6

1

### III.   Conclusion

2      Wilson's minimal evidentiary offerings and vague legal arguments are not sufficient to

3  support any of his extra-contractual claims as a matter of law. For the foregoing reasons,

4  Defendant's Motion for Partial Summary Judgment is **GRANTED**, and those claims are

5  DISMISSED.  The actual value of Wilson's UIM claim will be determined at trial.

6      IT IS SO ORDERED.

7      Dated this 15th day of July, 2014.

8

9  _____

10  RONALD B. LEIGHTON (as authorized/dn)
   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 7